IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | No. 24-4201 |
| ) | |
| KEITH RODNEY MOORE, ) | |
| ) | |
| Defendant-Appellee. ) | |

**Government's Motion to Schedule Oral Argument in Richmond**

The Court has tentatively calendared this appeal for oral argument during the March 14, 2025, University of Maryland School of Law oral argument session. The government respectfully moves this Court to schedule oral argument in Richmond, Virginia. The government has consulted with defense counsel, who opposes this request.

The Supreme Court has long recognized that "there is a local interest in having localized controversies decided at home." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981) (internal quotation marks omitted). In this case, there is an acutely local interest: The City of Richmond, Virginia, is at the heart of this appeal. After Richmond Police Department ("RPD") officers encountered three different cars in Richmond's Fourth Precinct with the same fake, temporary license plate, officers tried to stop Keith Moore's car, but he failed to stop, drove through

multiple stop signs, and fled on foot. JA58–59. Moore left his car running with the door open and a gun in plain view on the floorboard. JA62, JA138–139, JA190; *see* JA222. Based on these events, a federal grand jury sitting in Richmond charged Moore with possession of a firearm by a convicted felon. JA16.

The district court dismissed the indictment against Keith Moore with prejudice on the ground that the entire RPD selectively enforces the traffic laws against Black drivers. *See* JA1808–1815. That gravely erroneous conclusion rests on Richmond-specific considerations, namely, RPD traffic stop data and the history of racial discrimination in Richmond. Further, the district court's decision castigates RPD's efforts to allocate scarce resources efficiently in order to prevent violent crime in the City of Richmond. *See, e.g.*, JA1814–1815; JA1842–1843. Accordingly, the resolution of this appeal will directly affect not only all RPD officers, but also all Richmond residents.

The City of Richmond has a distinct interest in having this case heard at home. Richmond residents should have an opportunity to observe this oral argument. *Cf. Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982) (observing that "public access to criminal trials permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government"). Additionally, the government anticipates that

2

leadership from RPD and the United States Attorney's Office will attend this argument.

Appellee Keith Moore disagrees there is cause not to schedule argument at the University of Maryland School of Law. Counsel for the Appellee is available for argument at the date and location preferred by the Court.

Given the singular significance of this appeal to the City of Richmond, the government respectfully requests that the Court schedule oral argument in Richmond. Counsel for the government will be available to present argument during the March 18–21, 2025, regular oral argument session in Richmond.

Respectfully submitted,

*Jessica D. Aber*
Jessica D. Aber
United States Attorney
Eastern District of Virginia
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400


/s/

Jacqueline R. Bechara
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

4