No. 24-4201

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
*Appellant*,

v.

KEITH RODNEY MOORE,
*Defendant-Appellee*.

———————————

On Appeal from the United States District Court
for the Eastern District of Virginia, No. 3:21-cr-42 (Gibney, J.)

———————————

**Appellee's Response in Opposition to Government's Motion to Schedule Oral Argument in Richmond**

———————————

Appellee submits this response to the Government's motion asking the Court to schedule oral argument in Richmond, Virginia, rather than at the University of Maryland School of Law, as proposed by the Court. Counsel for Appellee are available on any of the dates proposed by the Court and view the question of location to be a matter of the Court's prerogative. Nevertheless, in addition to responding as requested by this Court (ECF No. 75), Appellee feels compelled to respond to assertions made in the Government's highly unusual motion.

The Government does not identify any scheduling conflict or similar issue that would prevent its counsel from appearing for oral argument in Baltimore, Maryland

on March 14, 2024, as proposed by the Court. Instead, the Government argues that because this appeal arises from conduct involving the Richmond Police Department, there is "an acutely local interest" in Richmond.[1] The Government's position is fundamentally at odds with how the federal appellate system is structured. Relying on a case involving the doctrine of *forum non conveniens*, the Government argues that "there is a local interest in having localized controversies decided at home." Gov't Mot. at 1 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981)). But this matter did proceed in Richmond in the district court, and is now proceeding in the appropriate regional circuit court of appeals. Parties have no right to handpick the particular courthouse within the regional circuit they prefer.

The Government's contrary position effectively suggests that cases involving Richmond should receive special treatment. When the Court sits in Richmond, it regularly hears cases of profound local interest to other municipalities within the

---

[1] The Government presses this argument using rhetoric wholly inappropriate for a motion putatively addressed to setting the location for oral argument, as the Government describes the district court's judgment as "gravely erroneous" and accuses Judge Gibney of "castigat[ing]" the Richmond Police Department's efforts to "allocate scarce resources efficiently." Gov't Mot. at 2. Appellee will not engage with these attacks here, as Appellee's brief explains why the district court's judgment finding an equal protection violation is well supported by the record and this Court's precedent. *See* ECF No. 39. Moreover, nothing in the district court's decision finding racially discriminatory enforcement of Richmond's traffic laws purports to address how the City must "allocate scarce resources efficiently in order to prevent violent crime." To the extent the Government equates race-based policing with "efficien[cy]," that is highly troubling.

circuit. But to Appellee's knowledge, the Court has never moved oral argument to, for example, Charlotte, Morgantown, or Roanoke in response to perceived local interest.

As for the interest in "leadership from RPD and the U.S. Attorney's Office," Gov't Mot. at 3, attending argument, they—along with interested members of the public—may do so regardless of where in the circuit argument is held—just as Appellee's lead counsel (who is based in Washington, D.C.) will travel as directed by the Court. To the extent such members of leadership are unable to travel, they may access the Court's audio livestream, as can members of the public.

As stated in the Government's motion, counsel for Appellee is available for argument at the date and location preferred by the Court.

December 12, 2024                                  Respectfully submitted.

                                                              /s/ *Brian T. Burgess*
                                                          Brian T. Burgess
                                                          GOODWIN PROCTER LLP
                                                          1900 N St., N.W.
                                                          Washington, D.C. 20036
                                                          (202) 346-4000

                                                          *Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 535 words, excluding the portions exempted by Rule 32(f). This motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font as provided by Rule 32(a)(5)–(6).

December 12, 2024                                    /s/ *Brian T. Burgess*
                                                     Brian T. Burgess

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

December 12, 2024                            /s/ *Brian T. Burgess*
                                             Brian T. Burgess